**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v.      **CASE NO. 4:08CR00337(02) BSM** | |
| **DESHAWN PORTER** | **DEFENDANT** |

## ORDER

Defendant Deshawn Porter's motions to modify sentence pursuant to 18 U.S.C. § 3582 [Doc. Nos. 207, 217] are DENIED.

### I. BACKGROUND

On October 7, 2008, Porter was charged by superseding indictment with possession with intent to distribute 20.04 grams of crack cocaine, 140 grams of powder cocaine, 140.2 grams of marijuana, MDMA, oxycodone, hydrocodone, alprazolam, morphine, clonazepam, and diazepam. [Doc. No. 31]. Porter was also charged with manufacturing marijuana (fewer that 50 plants) and possession of several firearms. *Id.* On September 23, 2009, Porter pled guilty only to the counts involving prescription drugs, spefically, counts ten (morphine), eleven (oxycodone), twelve (hydrocodone), thirteen (alprazolam), fourteen (clonazepam), and fifteen (diazepam). [Doc. No. 101]. The remaining counts, including the count involving crack cocaine, were dismissed on the government's motion.

Under the plea agreement, the parties stipulated that Porter would be held responsible for 536 kilograms of marijuana equivalent, which establishes a base offense level of 28. After receiving three points for acceptance of responsibility, Porter's total offense level was

reduced to 25. Based on a criminal history score of II, Porter's guideline range was 63-78 months in prison. On December 16, 2009, Porter was sentenced to 78 months in the bureau of prisons. [Doc. Nos. 124, 128].

Porter requests a modification based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction. The government objects.

## II. DISCUSSION

Porter's motion for a reduction is denied because nothing in the record indicates that his sentence was affected by any quantity of crack cocaine.

Porter contends that he is entitled to a reduction under the retroactive amended crack guidelines because he "is serving a term of imprisonment for an offense involving cocaine base (crack)" and "crack cocaine was part of his relevant conduct under his guideline calculations." [Doc. Nos. 217, 219]. According to Porter, "[t]he stipulated marijuana equivalency calculation in the plea agreement included crack cocaine." [Doc. No. 219].

Porter's current position is contrary to the statements made during the plea hearing, where defense counsel noted that the "total amount of 536 kilograms of marijuana equivalent [is] based on the number of pills alleged in the indictment . . . ." [Doc. No. 173]. Counsel's statement position is supported by the presentence report. According to that document, Porter was connected to 1,012.79 kilograms of marijuana equivalent. Only 400.75 kilograms of that

2

total was attributed crack cocaine.[1] Without the crack cocaine, Porter still would be responsible for 612.05 kilograms of marijuana equivalent, which is well above the stipulated amount of 536 kilograms. These amounts would seem to support counsel's statement that the stipulated drug amount in the plea agreement was based on the prescriptions medications alone. Finally, upon reviewing the plea agreement, presentence report, plea transcript, and sentencing transcript, it is clear that crack cocaine was simply not a part of the marijuana equivalency calculations set out in the plea agreement.

Although count one alleged a conspiracy involving cocaine powder, that count was dismissed based on the plea agreement, and there is nothing in the record to support Porter's position that crack cocaine was considered when determining the marijuana equivalency of 536 kilograms. Since Amendment 750 applies only to sentences involving cocaine base, Porter is not entitled to sentencing reduction under the Guideline Amendment.

Accordingly, defendant's motions to modify sentence under 18 U.S.C. § 3582 [Doc. Nos. 207, 217] are DENIED.

IT IS SO ORDERED this 16th day of November 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] 20.0375 grams of crack x 20 kg of marijuana = 400.75 kg of marijuana equivalent.